# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 16, 2012

## VERONICA MONDE BARONE v. FRANK A. BARONE

**Direct Appeal from the Circuit Court for Cumberland County**
**No. CV004002     John Maddux, Judge**

### No. E2011-01014-COA-R3-CV-FILED-APRIL 3, 2012

After obtaining a sizable judgment against her former husband in a Canadian court, the plaintiff filed this lawsuit in Tennessee in 1999 seeking to have property allegedly owned by the former husband sold in partial satisfaction of the judgment. After the former husband failed to appear or defend the Tennessee lawsuit, the circuit court also entered a default judgment against the former husband. However, other related issues involving other parties were tried and eventually appealed over the next several years. In 2011, the trial court finally ordered the sale of the former husband's property in partial satisfaction of the judgment. Husband appealed from the entry of that order, and he argues on appeal that the wife's attempt to execute on his property is time-barred under various statutes and Rules of Civil Procedure. Finding no merit in his arguments on appeal, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Michael R. Giaimo, Cookeville, Tennessee, for the appellant, Frank Barone

C. Douglas Fields, Crossville, Tennessee, for the appellee, Veronica Monde Barone

# OPINION

## I. FACTS & PROCEDURAL HISTORY

Veronica Monde Barone ("Wife") and Anthony Barone ("Husband") were married for several years before they separated around 1993 and later divorced. On January 29, 1998, Wife obtained a default judgment against Husband in the Ontario Court, General Division, in Canada.[1] The Canadian suit involved securities fraud, and the amount of the default judgment entered against Husband was $1,800,000.

On July 28, 1999, Wife filed a "Petition for Registration of Foreign Judgment and Complaint" in the circuit court of Cumberland County, Tennessee. She also filed a lien lis pendens[2] that was recorded in the Register's Office for Cumberland County on that same date. On May 3, 2000, Wife filed an amended complaint entitled "Amended Complaint – Petition to Bring Suit upon Foreign Judgment and Complaint for Divestment of Title to Real Property." In that amended complaint, Wife stated the date and amount of her foreign judgment, and the court where it was rendered, and she asked the circuit court to "recognize" the judgment and "allow [her] to bring suit upon said Judgment." Wife attached a copy of the Canadian judgment to her complaint. She alleged in the complaint that no portion of the judgment had been satisfied. She further alleged that Husband had fraudulently conveyed a nearly 300-acre farm in Tennessee to his son, Frank Barone ("Son"),[3] and recorded the deed to Son less than two months after she obtained the Canadian judgment. Wife alleged that this transaction was a fraudulent attempt to avoid satisfaction of her Canadian judgment. She named Husband and Son as defendants. In her request for relief, Wife asked the circuit court to recognize the Canadian judgment and grant a judgment in her favor for $1.8 million; to hold that the deed to Son was a fraudulent transfer and divest title from Son; and to sell the property in satisfaction of her judgment.

Husband did not file an answer or otherwise appear and defend the circuit court

---

[1] According to Husband, the default judgment was entered against him due to his "failure to comply with a court order requiring him to produce a further and better Affidavit of Documents."

[2] An abstract of lien lis pendens is a notice filed in the register's office in the county of suit to warn all persons that the title to the property is at issue in the litigation. The lien lis pendens recording procedure is set forth at Tennessee Code Annotated section 20-3-101.

[3] Son is not the biological son of Wife.

lawsuit,[4] so the court entered a default judgment against Husband on August 20, 2001, which reads, in pertinent part, as follows:

> [Wife] is granted a Judgment by Default against [Husband] and the Canadian judgment No. 94-CQ-51687 filed with this Court is hereby domesticated and shall be given due recognition as if a judgment of this Court.[5]

Son, however, did file an answer and argued that Husband's conveyance of the property to him was not fraudulent. This issue was tried in October 2002. The trial court ultimately entered a final order in February 2005, finding that the conveyance was fraudulent and that the deed to Son was void and inoperative. After the trial court entered its judgment, Son filed a notice of appeal, and Wife filed a motion for writ of attachment, which the trial court denied so that the appeal could proceed.

On appeal, the Eastern Section of this Court affirmed the trial court's finding that Husband's attempt to transfer title to Son after Wife obtained the default judgment "was a fraudulent attempt to divest title of the farm from Husband to Son so that it was not subject to execution to partially satisfy Wife's judgment against Husband." *See Veronica Monde Barone v. Anthony F. Barone, et al*, No. E2006-01394-COA-R3-CV, 2008 WL 3982968, at *8 (Tenn. Ct. App. Aug. 28, 2008). The Court instructed the trial court, on remand, to give due consideration to the motion for writ of attachment that had previously been filed by Wife. *Id.* at *9.

After the case was remanded, Husband's daughter filed a petition to intervene for the purpose of objecting to the proposed execution sale. Husband's daughter noted that she had filed a declaratory judgment action in the *chancery* court of Cumberland County, asserting that she could not be removed from the farm at issue due to rights she had acquired through adverse possession, and that an interlocutory appeal of that case was pending before the Court of Appeals. Husband's daughter also argued that the Canadian judgment was unenforceable for various reasons.

Wife filed a response to the petition to intervene, and she also filed a motion asking the court to order a judicial sale of the property, or in the alternative, to allow her to proceed

---

[4] We note that Husband was at one time a licensed attorney. Even though he chose not to defend this lawsuit, Husband did file a separate lawsuit in the United States District Court for the Middle District of Tennessee seeking to enjoin this action and seeking to have the Canadian default judgment set aside. The federal court lawsuit was dismissed.

[5] This order was *not* made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

with an execution sale. Following a hearing on these motions, an "Agreed Order" was entered which stated that the trial court "found that it would be unwise to go forward with these matters at this time," due to the pending appeal in Husband's daughter's chancery court case, in addition to questions regarding Husband's "current [mental] competency." As such, the order provided that the pending motions would be stayed pending a ruling by the Court of Appeals in the chancery matter.

The Eastern Section issued its opinion in the case involving Husband's daughter in October 2010. *See **Julie-Cristie (Barone) Neal v. Veronica Monde Barone***, No. E2009-02598-COA-R9-CV, 2010 WL 4024973 (Tenn. Ct. App. Oct. 13, 2010). In that opinion, the Court explained that Husband held the legal title to the farm based on the circuit court's previous judgment, but that Husband's daughter was claiming a possessory right to the farm as a "squatter" and trespasser. *Id.* at *2. The Court ultimately concluded that Husband's daughter had no such possessory right because the lien lis pendens filed by Wife when she instituted the circuit court case in 1999 halted the running of the adverse possession statute. *Id.* at *7.

After the opinion was issued in ***Neal v. Barone***, Wife filed, in the circuit court matter, a "Renewal of Motion to Sell," again asking the court to sell the property at issue. Son, who was already a co-defendant, was later substituted as the proper party for Husband in this matter, due to his being appointed as conservator for Husband. Son then filed, on behalf of Husband, a "Motion to Dismiss Post-Judgment Proceedings and Objection to Execution Sale," relying upon several statutes and Rules in support of his position that Wife should not be allowed to proceed with the execution sale. Husband's motion[6] was based upon Tennessee Code Annotated section 25-5-105, which addresses the expiration of judgment liens; Tennessee Code Annotated section 28-3-110, which provides a ten-year statute of limitations for "actions on judgments;" and Rule 69.07(2) and Rule 69.04 of the Tennessee Rules of Civil Procedure, which, respectively, address judgment liens and extending judgments.

Following a hearing, the trial court entered an order on April 4, 2011, stating that the motion to intervene, the motion to dismiss post-judgment proceedings, and the objections to the execution sale were not well-taken and were therefore denied. The trial court ordered the property at issue to be sold by the clerk of the court in partial satisfaction of the judgment. Husband timely filed a notice of appeal.

---

[6] Although Son, as conservator for Husband, was substituted as the proper party and acted on behalf of Husband throughout the remainder of this litigation, we will continue to refer to Husband as the party taking such action, for sake of clarity.

## II. ISSUE PRESENTED

On appeal, Husband cites the same statutes and Rules that he relied upon in the trial court to argue that execution on Wife's Canadian judgment is now time barred. We disagree and affirm the trial court's decision.

## III. DISCUSSION

The first statute relied upon by Husband on appeal is Tennessee Code Annotated section 25-5-105, which provides, in relevant part:

(a) Once a judgment lien is created by registration as provided in § 25-5-101(b), it will last for the time remaining in a ten-year period from the date of final judgment entry in the court clerk's office.

(b) The provisions of this section apply to all judgment liens registered on or after May 17, 2000 . . . .

Husband's brief does not mention the date upon which a judgment lien was created in this case. Instead, he appears to simply assume that one was created. He notes that the prior version of this statute provided that judgment liens would last for three years instead of ten years, and he argues that "if the lien was registered prior to 2000," then the three-year period should apply.

In response, Wife asserts that this statute is inapplicable because she is not trying to enforce a judgment *lien*, and she did not attempt to register her Canadian judgment pursuant to this statute. Wife points out that section 25-5-105, by its terms, applies to judgment liens "created by registration as provided in § 25-5-101(b)," and the referenced section, 25-5-101(b), provides for the registration of judgments obtained in courts "of this state." We agree with Wife's contention that section 25-5-105 is inapplicable under the facts of this case. Wife filed this lawsuit to enforce her foreign *judgment*, and she is not relying upon a judgment lien. *See* 2 Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 29:2 (2011 ed.) ("Tennessee statutes and the Tennessee Rules of Civil Procedure provide for both judgment and execution liens, *which are distinct from the judgment itself*.") (emphasis added). For these same reasons, Husband's reliance upon Rule 69.07(2), which also addresses judgment liens, is misplaced.

From our review of the briefs filed on appeal, there appears to be some confusion over the precise nature of this lawsuit. A judgment creditor seeking to enforce a judgment that

was *not* entered by a Tennessee court may proceed in a number of ways.[7]  The traditional method is to file a new common law action in Tennessee to enforce the foreign judgment, seeking a new Tennessee judgment based on the foreign judgment, which is treated as a debt. *See* Pivnick, § 27:18; 16 William H. Brown, Nancy Fraas MacLean & Lawrence R. Ahern, III, *Tenn. Prac., Debtor-Creditor Law & Practice* § 26:1 (2d ed.).  As this method involves a new suit, a copy of the complaint and summons is served on the defendant, who has the right to answer and attack the underlying judgment by raising defenses.  Pivnick*, § 27:18. However, "[t]he scope of the action [is] limited to whether the foreign judgment was properly entered, and [does] not allow a reconsideration of the merits of the action embodied in the foreign judgment." **Id.**  The common law action was the usual procedure for enforcing foreign judgments before uniform statutes were enacted. **Id.**

The Uniform Enforcement of Foreign Judgments Act, Tenn. Code Ann. § 26-6-101, *et seq.*, provides a simplified alternative procedure to the common law action.[8] **Id.** at § 27:18.  It basically allows for enforcement of a foreign judgment in Tennessee by filing or registering the authenticated judgment with the clerk of any circuit or chancery court. **Bailey v. Sneed**, 49 S.W.3d 327, 328 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 26-6-104(b)). "If the defendant takes no action within 30 days after he has been served, execution may immediately issue without the necessity of entry of a new judgment."  Pivnick, § 27:18 (citing Tenn. Code Ann. § 26-6-104, -105(c)).  Under the Uniform Enforcement of Foreign Judgments Act, the "foreign judgment" is treated in the same manner as a judgment of a court of record of this state.  Tenn. Code Ann. § 26-6-104(b); Brown, § 26:1.

Section 103 of the Uniform Enforcement of Foreign Judgments Act defines "foreign judgment" as "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state."  Tenn. Code Ann. § 26-6-103. Because "[t]he full faith and credit clause of the Federal Constitution, Article 4, section 1, only applies to states and territories of the United States of America and not to foreign countries . . . there is a split of authority nationally regarding whether the Uniform

---

[7] Some options not applicable here include a statutory action on the foreign judgment to subject a nonresident judgment debtor's property located in Tennessee to satisfaction of the judgment pursuant to Tenn. Code Ann. § 16-11-107, and proceeding under the Uniform Interstate Family Support Act and the Uniform Child Custody Jurisdiction and Enforcement Act in certain family matters.  Pivnick, § 27:18.

[8] Section 107 of the Uniform Enforcement of Foreign Judgments Act provides that "[t]he right of a judgment creditor to bring an action to enforce the creditor's judgment instead of proceeding under this chapter remains unimpaired."  Tenn. Code Ann. § 26-6-107.  Thus, it is clear that  judgment creditors have the right to bring a separate action to enforce a foreign judgment rather than proceeding under the Uniform Enforcement of Foreign Judgments Act. **Studsvik Logistics, LLC v. Royal Furniture Co.**, No. W2009-00925-COA-R3-CV, 2010 WL 1565522, at *2 (Tenn. Ct. App. Apr. 20, 2010).

Enforcement of Foreign Judgments Act applies to a decree from a foreign country because full faith and credit is not involved[.]"[9] *Maberry v. Maberry*, No. M1999-01322-COA-R3-CV, 1999 WL 1072568, at *2 (Tenn. Ct. App. Nov. 30, 1999) (citation omitted); *see, e.g.,* 30 Am. Jur. 2d *Executions* § 779 ("a judgment obtained in a court of a foreign nation is not entitled to enforcement under the UEFJA").

In this case, Wife's original complaint was titled, "Petition for Registration of Foreign Judgment and Complaint." In that complaint, Wife alleged that she had previously obtained a judgment in Florida based upon the Canadian judgment, and she asked the circuit court to register the Florida judgment and treat it in the same manner as a Tennessee judgment. However, Wife later filed an amended complaint seeking to proceed in a different manner, by directly enforcing the Canadian judgment. The amended complaint was titled, in relevant part, "Petition to Bring Suit upon Foreign Judgment." In the amended complaint, Wife asked the circuit court to "recognize" the Canadian judgment and "allow [her] to bring suit upon said Judgment." In her request for relief, Wife asked the circuit court to grant a judgment in her favor for $1.8 million upon recognizing the Canadian judgment. As noted above, Husband did not file an answer or otherwise appear and defend this lawsuit, so the court entered a default judgment against Husband on August 20, 2001, which reads, in pertinent part, as follows:

> [Wife] is granted a Judgment by Default against [Husband] and the Canadian judgment No. 94-CQ-51687 filed with this Court is hereby domesticated and shall be given due recognition as if a judgment of this Court.

Although this language would be more appropriate in a proceeding under the Uniform Enforcement of Foreign Judgments Act, looking at this suit as a whole, we conclude that Wife was attempting to enforce her judgment by bringing a new common law action on her foreign judgment rather than proceeding under the Uniform Enforcement of Foreign Judgments Act.

This conclusion brings us to Husband's next argument on appeal. Husband contends that Tennessee Code Annotated section 28-3-110 bars Wife from collecting her judgment. The statute provides, in pertinent part:

> The following actions shall be commenced within ten (10) years after the cause of action accrued:

---

[9] The *Maberry* Court did not resolve the issue of whether a judgment from a foreign country can be enforced under Tennessee's version of the Uniform Enforcement of Foreign Judgments Act because the judgment creditor in that case failed to register her Japanese decree in compliance with the Act in any event. 1999 WL 1072568, at *2.

. . .

> (2) Actions on judgments and decrees of courts of record of this or any other state or government[.]

Tenn. Code Ann. § 28-3-110. The Canadian judgment was entered against Husband on January 29, 1998. Wife filed her original complaint in Tennessee on July 28, 1999, and her amended complaint on May 3, 2000. Husband does not dispute that "suit was filed to enforce the judgment" within ten years, but he argues that "the filing of a lawsuit does not toll the statute of limitations set forth in T.C.A. § 28-3-110." Simply put, Husband contends that "it does not matter that she filed a lawsuit to enforce the judgment" within ten years. We find no merit in Husband's assertion. The statute merely requires that "actions on judgments" be "commenced" within ten years. Tenn. Code Ann. § 28-3-110. It does not provide that the action on the judgment must have come to a conclusion within that ten year period. *See, e.g.*, ***First Tennessee Bank Nat. Ass'n v. White***, No. 03A01-9711-CV-00514, 1998 WL 518303, at *1 (Tenn. Ct. App. Aug. 20, 1998) (holding that an action on a judgment was timely under section 28-3-110 where it was filed in chancery court just before ten years had passed, and later transferred to circuit court for resolution after ten years had expired).

As for Husband's "no tolling" argument, he relies upon ***Rabbitt v. Mills***, No. M2004-01103-COA-R3-CV, 2005 WL 2012774 (Tenn. Ct. App. Aug. 22, 2005), which is clearly distinguishable from the case at bar. In ***Rabbitt***, judgment creditors waited more than ten years before attempting to enforce their judgment. ***Id.*** at *1. During the ten-year period, the judgment debtor had instituted bankruptcy proceedings that resulted in the injunction of any activity in the case, so the trial court found that the ten-year period should be extended by the periods of injunction. ***Id.*** at *3. The Court of Appeals rejected this argument and noted that section 28-3-110 is devoid of any language providing for tolling. ***Id.*** at *4. In the case before us, however, Wife obviously "commenced" her action within ten years of the entry of the Canadian judgment. Therefore, her action was timely, and there is no need for "tolling" of the statute of limitations.

Finally, Husband relies upon Tennessee Rule of Civil Procedure 69.04 in arguing that there can be no execution on his property in this case. The Rule provides, in relevant part:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. . . . If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional

-8-

ten-year period until the judgment is satisfied.

Tenn. R. Civ. P. 69.04. Husband contends that because Wife never attempted to extend or revive the original default judgment, pursuant to this Rule or by a writ of scire facias, the Canadian judgment has expired and is now unenforceable.[10] Wife, on the other hand, argues that it was not necessary for her to pursue a revival or extension of her judgment because she brought a timely suit on the judgment and obtained a new judgment against Husband in Tennessee. Wife contends that she is now pursuing enforcement of the Tennessee judgment, which is less than ten years old.

We agree with Wife's contention that it was not necessary for her to seek an extension or revival of her judgment. Wife filed a timely action on the judgment in Tennessee within ten years. Husband failed to appear or defend the suit filed by Wife, and the circuit court entered the default judgment against Husband, based on the Canadian judgment, on August 20, 2001. Because the order granting the default judgment was not made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the Tennessee judgment against Husband did not become final until the claims against Son were resolved in February 2005. Husband did not appeal the entry of judgment against him, and that order became final in due time. Because the final judgment in the Tennessee case was entered less than ten years ago, Rule 69.04 does not bar Wife from enforcing her judgment against Husband.

We note that Husband presents one final argument in his brief on appeal as to why the Canadian judgment should not be enforced against him. He basically raises a question regarding whether the Canadian default judgment was ever a final judgment. Son, who is now acting on behalf of Husband, suggests that it is not clear from reviewing the record in the Canadian court whether one of the post-trial motions filed by Husband was ever resolved. However, we find that Husband's attempt to raise this argument comes too late. In the original common law action filed by Wife in Tennessee to enforce the Canadian judgment, Husband would have had the opportunity to attack the underlying judgment by raising defenses, and the scope of the action would have been limited to whether the foreign judgment was properly entered. *See* Pivnick, § 27:18. Husband chose not to appear or defend against that lawsuit, and a default judgment was entered against him. Husband did not participate in the original appeal of this matter, and throughout the post-trial, and post-appeal, proceedings below, Husband never mentioned this argument. We note that Husband's daughter raised this same question about the finality of the Canadian judgment

---

[10] "Scire facias is defined as 'a writ requiring the person against whom it is issued to appear and to show cause why some matter of record should not be annulled or vacated, or why a dormant judgment against that person should not be revived.'" ***State v. Davis***, 173 S.W.3d 411, 413 n.2 (Tenn. 2005) (quoting *Black's Law Dictionary* 624 (2nd pocket ed. 2001)).

-9-

in her petition to intervene, which was denied. However, when Son, on behalf of Husband, later filed a "Motion to Dismiss Post-Judgment Proceedings and Objection to Execution Sale," he never asserted that the Canadian judgment was not final. He specifically adopted other arguments that his daughter had advanced in her petition to intervene, based on the statutes and Rules previously discussed in this opinion regarding timeliness, but he did not even attempt to argue that the Canadian judgment was not final. In short, Wife's suit to enforce the Canadian judgment has been pending since 1999, and the first time Husband suggested that the Canadian judgment might not be final was when he filed his brief in the second appeal of this matter. We are not required to grant relief to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. Tenn. R. App. P. 36(a). As such, we decline to reverse the trial court's order.

## IV. CONCLUSION

For the aforementioned reasons, the decision of the circuit court is hereby affirmed. Costs of this appeal are taxed to the appellant, Frank Barone, as conservator for Anthony Barone, and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.